IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 6:06-998 |
| vs. ) | |
| ) | |
| ALVIERO MESA-LOPEZ ) | **O R D E R** |
| ) | |
| ) | |

This matter is before the court on the defendant's motion in his criminal case for return of his property pursuant to Federal Rule of Criminal Procedure 41(g). This matter was referred to this magistrate judge for disposition by the Honorable Henry F. Floyd, United States Magistrate Judge.

### *Administrative Forfeiture Process*

Title 21, United States Code, Section 881(a)(6), authorizes the civil forfeiture of property that is the proceeds of drug transactions. The forfeiture process is set out in the customs laws of the United States. 21 U.S.C. § 881(d). An administrative forfeiture may be initiated when seized property is valued at less than $500,000. 19 U.S.C. § 1607 (a)(1). To initiate an administrative forfeiture proceeding, the seizing agency must publish notice of the seizure and of its intent to forfeit the property once a week for at least three successive weeks in a newspaper of general circulation in the judicial district in which the forfeiture proceeding is brought. *Id.* § 1607 (a). In addition to notice by publication, the government must also send personal written notice to "each party who appears to have an interest in the seized article." *Id.*

A person can contest the forfeiture through either of two methods. First, that person can file a petition for remission or mitigation of the forfeiture within 30 days after

receiving written notice of the seizure. 19 U.S.C. § 1618. Alternatively, within 20 days of the first date of published notice, that person can file a claim with the appropriate agency, together with a bond of $5,000 or 10% of the value of the property, whichever is lower. *Id.* § 1608. If that person is unable to post the requisite bond, that person may instead file a declaration to that effect. If no claim is filed, or if a claim is denied and is not appealed, then an administrative forfeiture occurs by default. *Id.* § 1609(a). Filing a proper claim to the property, however, stops the administrative forfeiture proceedings. *Id.* § 1608. The matter must then be referred to the United States Attorney so that judicial forfeiture proceedings may be initiated. *Id.* §§ 1603(b) and 1608.

## *Background*

On August 18, 2006, Drug Enforcement Administration ("DEA") agents executed arrest and search warrants at 849 Harvey Road, Greer, South Carolina, the defendant's residence. According to agents and the court records, during the search, agents seized a 2006 Honda CBR100 motorcycle (gov. resp., ex. A, Search Warrant Return and Property Receipt). Also, at the time the defendant was taken into custody, a gold-tone ring was seized.[1] On December 13, 2006, at the request of the defendant's attorney, the ring was returned to the defendant's brother (gov. resp., ex. A.).

---

[1] In addition to the motorcycle and ring, the defendant claims the government seized two home theater systems, two chain necklaces, and one bracelet. There is no mention of these items in the search warrant return (gov. resp., ex. A.). The government also discusses in its brief a 26" ILO LCD HD flat screen television, which is also listed in the search warrant return as being seized in the search of the defendant's residence (gov. resp. at 1-5, ex. A). However, the defendant does not mention a television in his motion for return of his property, and thus the television does not appear to be at issue here (def. m. for return of property at 1-4). In addition, Mr. Hieronymus' declaration references two Sharp 37" LCD flat panel televisions seized on September 14, 2006, in Lawrenceville, Georgia. Mr. Hieronymus states in his declaration that notice was given to Tonny Lee Freeman, one of the defendant's co-defendants, of the administrative forfeiture of those two televisions. Mr. Hieronymus' declaration does not reference the 26" ILO LCD HD television seized from the defendant's residence, and it unclear what relevance the other two televisions have to this matter.

2

DEA agents initiated administrative forfeiture proceedings against the motorcycle seized from the defendant. According to the declaration of John Hieronymus, Forfeiture Counsel of the DEA, on September 29, 2006, notice of the seizure of the motorcycle was sent to the defendant at 849 Harvey Road, Greer, SC 29651. After three attempts, the United States Postal Service returned the notice to the DEA stamped "Return to Sender. Unclaimed. Unable to Forward." Notice was also sent to the defendant at the Spartanburg County Detention Center, 950 California Avenue, Spartanburg, SC 29303. According to Mr. Hieronymus,[2] on October 5, 2006, an individual signed in the signature block accepting delivery of the notice. Notice was also published in *The Wall Street Journal* for three weeks: October 16, 23, and 30, 2006. No claim was made by the defendant. On December 12, 2006, DEA forfeited the Honda motorcycle to the United States (gov. resp., ex. B, DEA aff.). On May 16, 2007, during the sentencing hearing, the government dismissed the forfeiture allegation in the defendant's case.

*Analysis*

The defendant argues that the government failed to provide proper notice to him of the administrative forfeiture of his assets. The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, applies to any forfeiture proceeding commenced on or after August 23, 2000. The forfeiture proceeding at issue here commenced in 2006. The Act provides in pertinent part:

> **(e) Motion to set aside forfeiture**.--
>
> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--

---

[2]The exhibits identified by Mr. Hieronymus in his declaration were not filed by the government with his declaration.

3

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.
>
> (2)(A) Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.
>
> (B) Any proceeding described in subparagraph (A) shall be commenced--
>
> (i) if nonjudicial, within 60 days of the entry of the order granting the motion; or
>
> (ii) if judicial, within 6 months of the entry of the order granting the motion.
>
> (3) A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property.
>
> (4) If, at the time a motion made under paragraph (1) is granted, the forfeited property has been disposed of by the Government in accordance with law, the Government may institute proceedings against a substitute sum of money equal to the value of the moving party's interest in the property at the time the property was disposed of.
>
> (5) A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

18 U.S.C. § 983(e).

In this case, the final publication of notice of the federal seizure of the defendant's motorcycle occurred on October 16, 2006 (Hieronymus decl. ¶ 4(d)). *See* 18 U.S.C. § 983(e)(3). Accordingly, the defendant still has time to bring a statutory action to

4

set aside the forfeiture for lack of notice. If his motion has merit and is successful, a court will set aside the forfeiture. *See id.* § 983(e)(2)(A). Any procedural due process deprivation claimed by the defendant is satisfied by the post-deprivation remedies available under Section 983. *See Bailey v. Patterson*, 8:04-cv-22252-MBS, 2006 WL 2642543, *2 (D.S.C. Sept. 13, 2006) (finding that "plaintiff's exclusive remedy for challenging a closed administrative forfeiture did not lie in a *Bivens* action for damages, but a motion filed under 18 U.S.C. § 983(e)(5)"); *see also King v. DEA*, 6:07-cv-4155-DCN-WMC, 2/3/09 order (doc. 28). Accordingly, the defendant's motion for return of his property (doc. 866) is denied, and the defendant is instructed that he may, if he so chooses, bring a separate statutory action to set aside the forfeiture.

   IT IS SO ORDERED.

               s/William M. Catoe
               United States Magistrate Judge

August 18, 2009

Greenville, South Carolina